**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2195-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARNELL L. WHYE, JR.,
a/k/a DARNELL L. WHYE,

    Defendant-Appellant.

_____

Submitted August 30, 2022 – Decided September 6, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 15-07-1978.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven J. Sloan, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Darnell L. Whye, Jr. appeals from the Law Division's August 10, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A Camden County grand jury charged defendant in a two-count indictment with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7), and third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a). Defendant pled guilty to an amended charge of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). In accordance with the terms of defendant's negotiated plea, the trial judge sentenced defendant to seven years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, Parole Supervision for Life, and Megan's Law reporting and registration requirements.

Defendant appealed his sentence. We heard the appeal on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11, and affirmed defendant's sentence. State v. Whye, No. A-2041-18 (App. Div. Sept. 25, 2019).

Defendant then filed a timely petition for PCR. Among other things, defendant asserted his attorney provided him with ineffective assistance because he: (1) failed to file a motion to suppress his confession; (2) pressured defendant to plead guilty; (3) neglected to review the discovery file with defendant; and (4) failed to discuss trial strategy with defendant.

2

Following oral argument, the PCR judge rendered a thorough oral decision concluding that defendant did not satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. The judge found that defendant presented no evidence that a suppression motion would have succeeded, and that defendant's other arguments were belied by the record.

On appeal, defendant raises the same arguments he unsuccessfully presented to the PCR judge. Defendant contends:

> THE PCR COURT MISAPPLIED THE LAW IN DENYING . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION HE WAS PROVIDED WITH INADEQUATE ASSISTANCE OF COUNSEL.
>
> 1.   Plea counsel was ineffective for failing to file a motion to suppress defendant's alleged statement to the police.
>
> 2.   Plea counsel was also ineffective for pressuring defendant to plead guilty, for failing to review discovery with defendant[,] and for failing to discuss trial strategy with defendant.
>
> 3.   Defendant should have been permitted to withdraw his plea bargain to correct a manifest injustice.

3

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a

A-2195-20

fair trial. <u>Strickland</u>, 466 U.S. at 687; <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at 690. Further, because prejudice is not presumed, <u>Fritz</u>, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in the PCR judge's oral opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that the trial attorney's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2195-20